IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SUSAN BRANTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-5110-SSA-CV-SW-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Susan Brantner seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. The parties' briefs were fully submitted, and on June 29, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Susan Brantner was born in 1961 and has her GED.  She previously worked as a dog groomer, veterinary assistant and teller.  At the time of her hearing, she was working part time as a "gofer" for a construction company.  She claims she became disabled because of a variety of conditions, including fibromyalgia syndrome, hypercoagulation, chronic fatigue syndrome, borreliosis[2], depression and anxiety.

After considering the evidence, the Administrative Law Judge (ALJ) determined that Brantner retained the residual functional capacity to perform a range of light or sedentary work

---

[2]Lyme disease.

2

Case 3:04-cv-05110-WAK    Document 14    Filed 07/13/05    Page 2 of 4

in positions such as a semi-automatic sewing machine operator or a charge account clerk. The ALJ indicated that claimant's panic disorder was controlled by medication and that her subjective complaints were not credible when compared with her daily activities.

Brantner asserts that the ALJ erred in not giving greater weight to the opinion of her treating physicians and did not adequately explain why he did not find those opinions credible.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). In this case, the treating psychiatrist opined that claimant would be markedly limited in her ability to understand and remember detailed instructions, to carry out detailed instructions, to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. He likewise found she would be moderately limited in her ability to maintain attention and concentration for extended periods and to perform activities within a schedule, maintain regular attendance and to be punctual within customary tolerances. He diagnosed her with major depression that was recurrent and severe and with panic disorder with agoraphobia.

The ALJ discounted this opinion because the physician did not treat claimant for a period of time while he was either retired or on medical leave. The ALJ did not indicate whether the treating physician had access to claimant's treatment history for the period he did not treat her, and thus, appears to have assumed that the medical opinion was based solely upon the doctor's earlier treatment without a proper consideration of her current condition. The record does not support that assumption. Further, in relying upon notes from Dr. Dobard that claimant was doing well on her medications, the ALJ appears to have isolated her mental condition and did not consider her physical impairments in combination with the mental condition.

The Eighth Circuit has repeatedly held that "the inquiry must focus on the claimant's ability 'to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world'" Tang v. Apfel, 205 F.3d 1084, 1086 (8th Cir. 2000).

In her testimony, plaintiff described her regular daily activities as fixing meals, making beds, doing laundry, dusting and watering her garden. She testified that although she was working part time and driving regularly, she had days in between her workdays to recuperate. She stated she had flare ups or relapses from her Lyme disease or fibromyalgia which resulted in pain, headaches, tremors and not being able to sleep although she was fatigued. During those times, she had to lie down or stay in bed.

The ability to do minimal domestic tasks and to work irregular part-time hours provides little evidence of her ability to perform full-time work on a competitive and daily basis. See Tang v. Apfel, 205 F.3d 1084, 1086 (8th Cir. 2000). Given claimant's long history of psychiatric problems, compounded with the physical impairments caused by fibromyalgia or Lyme disease, the ALJ failed to give proper weight to the opinion of her treating physician in considering her impairments in combination, and in explaining in detail why he found the physician's opinion to be not credible. He also failed to take into account her need for narcotic pain medication and her overall fatigue.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

In this case, the court does not find that the ALJ's decision and opinion is supported by substantial evidence on the record as a whole. For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

Dated this 13th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge